CLD-048                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2215
_____

GLEN CHRISTIAN,
                                        Appellant

v.

CHERYLIN CHRISTIAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-14-cv-05899)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2015

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Filed: November 18, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Glen Christian appeals from an order of the United States District Court for the District of New Jersey, which dismissed his complaint for lack of jurisdiction. Christian appeals pro se and, having granted him leave to proceed in forma pauperis, we must determine whether this appeal is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). There is no arguable basis to challenge the District Court's order.[1]

As the District Court ably explained, through his District Court filing, Christian squarely and explicitly sought to overturn the New Jersey Supreme Court's order entered against him years earlier. This is precisely the type of case that a federal court lacks jurisdiction to consider, pursuant to the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (federal courts precluded from exercising jurisdiction over case brought by state-court losers challenging the state-court judgments rendered before the district court proceedings commenced). Christian has not alleged any error by the District Court, and we can discern no possible meritorious challenge to the District Court's order.

We will thus dismiss the appeal as frivolous.

---

[1] "We exercise plenary review over a district court's order dismissing a complaint for lack of subject matter jurisdiction." Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 271 (3d Cir. 2014).